IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAM LEE YUEN TRADING CO., INC., a California corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>HOCEAN, INC., a California corporation,<br><br>       Defendant. | Case No. 10-0455 SC<br><br>ORDER GRANTING DEFENDANT'S <u>MOTION TO DISMISS</u> |

**I.   INTRODUCTION**

Plaintiff Kam Lee Yuen Trading Company, Inc. ("KLY") brought this action against Defendant Hocean, Inc. ("Hocean"), alleging violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1), and three state-law causes of action. ECF No. 1 ("Compl.") ¶¶ 11-24. The sole basis for the subject matter jurisdiction of this Court is KLY's Section 43(a)(1) claim. <u>Id.</u> ¶ 3. Now Hocean brings a Motion to Dismiss this claim. ECF No. 11. This Motion is fully briefed. ECF Nos. 13, 14. Pursuant to Civil Local Rule 7-1(b), the Court finds the Motion suitable for determination without oral argument. For the reasons stated below, the Court GRANTS Hocean's Motion, dismissing the Section 43(a)(1) claim WITH PREJUDICE.

///

## II. BACKGROUND

KLY and Hocean are wholesalers specializing in Asian foods. Compl. ¶¶ 1, 2. In 2009, Aik Cheong Neo ("Neo") brought an action against KLY, Hocean, supermarket chain Welcome Market, Inc. ("Welcome Market"), and nineteen other wholesalers, distributors, and retailers. See Neo v. Marina Brothers, Inc., No. C-09-0739 (N.D. Cal. Feb 19, 2009). Neo, a citizen of Singapore, claimed he owned intellectual property rights in the design and packaging of a mushroom seasoning, including a trademark registered with the U.S. Patent and Trademark Office. Id. Neo alleged that the defendants had sold products that infringed these rights. Compl. ¶¶ 6-7.

Allegedly, Hocean sold KLY mushroom seasoning that infringed on Neo's mark, which KLY sold to Welcome Market, which Welcome Market then sold to supermarket customers. Id. ¶ 8. When Neo brought his action, Welcome Market demanded that KLY reimburse it for the market's cost of defending itself in the action, threatening to terminate its ongoing relationship with KLY if it did not. Id. ¶ 10. Because Welcome Market was KLY's largest customer, KLY agreed. Id. Welcome Market hired Latham and Watkins LLP and brought a counterclaim against Neo seeking termination of Neo's trademark registration. Neo, No. C-09-0739, ECF No. 31 ("Welcome Market's Answer and Countercl."). Welcome Market claimed that Neo's mark was invalid because it was functional and/or generic. Id. Welcome Market also sought an award of attorneys' fees from Neo under 15 U.S.C. § 1117(a), arguing that because Neo's claims were "groundless and contrary to settled law," such an award was appropriate. Id. ¶ 52.

Neo ultimately agreed to dismiss with prejudice the claims

against all defendants, and the case was terminated on December 31, 2009. See Neo, No. C-09-0739, ECF Nos. 93 ("Order and Stip. Dismissal of Welcome Market"), 147 ("Order and Stip. Dismissal of Hocean"). KLY subsequently reimbursed Welcome Market for $153,000 in litigation expenses. Compl. ¶ 10.

KLY then brought the present action against Hocean to recover the amount KLY had paid to Welcome Market. KLY does not claim to possess any intellectual property rights in Neo's mushroom seasoning packaging and design; rather, it claims that Hocean's sale of the allegedly infringing product caused injury to KLY in the form of its reimbursement to Welcome Market. Id. ¶¶ 5, 10. KLY claims Hocean's mushroom seasoning had packaging and labeling that infringed "and/or constituted false designation of origin of [Neo's] mushroom seasoning," in violation of Section 43(a)(1) of the Lanham Act. Id. ¶ 5.

Now Hocean moves to dismiss the case, arguing that KLY lacks standing to bring its Lanham Act cause of action. Mot. at 6-8.

**III. LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.

1996).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 129 S.Ct. at 1950.  A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to . . . nudge[] their claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

**IV.  DISCUSSION**

Hocean argues that KLY's Section 43(a)(1) claim should be dismissed because it is necessarily premised on Neo's infringement cause of action against Hocean, which KLY lacks standing to bring. Mot. at 6-9.  Hocean also argues that Neo's infringement claims were dismissed with prejudice through a stipulated order, and so no one, including KLY, should be permitted to re-argue them here.  Id.

"To establish standing to sue for trademark infringement under the Lanham Act, a plaintiff must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a nonowner with a cognizable interest in the allegedly infringed trademark."  Halicki Films, LLC v. Sanderson Sales and Mktg., 547 F.3d 1213, 1225 (9th Cir. 2008); see 15 U.S.C. § 1114(a).  KLY does not claim to have any interest in

4

1  Neo's mark.  Therefore, KLY cannot bring a trademark infringement
2  action premised on Hocean's infringement of Neo's mark.
3      KLY admits that it lacks standing to bring a trademark
4  infringement action, but argues it has standing to bring the action
5  under Section 43(a)(1), which provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

19      Despite the statute's broad language providing a cause of
20 action to "any person who believes that he or she is likely to be
21 damaged," each circuit court has placed prudential standing
22 limitations on Section 43(a)(1) to ensure the Lanham Act serves its
23 stated purpose: "to regulate commerce . . . [and] to protect
24 persons engaged in such commerce against unfair competition."
25 Halicki v. United Artists Commc'ns, Inc., 812 F.2d 1213, 1214 (9th
26 Cir. 1987).  In the Ninth Circuit, Subsection (A) and (B) of
27 Section 43(a)(1) have separate standing requirements.  For "false
28 association" claims under Subsection (A), the plaintiff must allege

5

a "commercial injury based upon the deceptive use of a trademark or its equivalent to satisfy standing requirements," Jack Russell Terrier Network of Northern Cal. v. American Kennel Club, 407 F.3d 1027, 1037 (9th Cir. 2005), and a "commercial interest in the product wrongfully identified," Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1109 (9th Cir. 1992). For "false advertising" claims under Subsection (B), a plaintiff must also claim a "discernibly competitive injury." Id.

In addition, courts have not permitted plaintiffs to bring Section 43(a)(1) claims if they would indirectly eviscerate the standing requirements of other causes of action. For example, in PhotoMedex, Inc. v. Irwin, 601 F.3d 919, 926-27 (9th Cir. 2010) a manufacturer of a dermatological laser brought a Lanham Act false advertising cause of action against its competitor, claiming it made misrepresentations that violated the Food, Drug, and Cosmetic Act ("FDCA"). The Ninth Circuit held that the plaintiff lacked standing to bring the Section 43(a)(1) claim because the plaintiff lacked standing to argue the underlying FDCA violation, as the Food and Drug Administration has exclusive authority to enforce FDCA violations. Id. Similarly, in Sybersound Records, Inc. v. UAV Corporation, the Ninth Circuit held that "a party lacking standing to bring a copyright infringement suit under the Copyright Act, but who complains of competitive injury, may [not] bring a Lanham Act claim . . . whose successful prosecution would require the litigation of the underlying infringement claim." 517 F.3d 1137, 1141 (9th Cir. 2008).

KLY argues that it satisfies the false association standing requirements: it claims that its commercial injury is KLY's payment

of Welcome Market's litigation expenses in the Neo action, and claims its past possessory interest in the allegedly infringing product (which it purchased from Hocean and sold to Welcome Market) is a sufficient commercial interest. Opp'n at 4. Hocean argues that KLY should not be permitted to bring a false association claim solely premised on trademark infringement when it admittedly lacks standing to bring the underlying trademark infringement action. Mot. at 3.

The Court is troubled by KLY's argument, because it would eviscerate the standing limitations Congress established for bringing a Lanham Act trademark infringement action. KLY has not cited to case law that supports this conclusion. While KLY cites Jack Russell Terrier and Waits, in neither of these cases did the Ninth Circuit permit a plaintiff to bring a false association claim premised on the infringement of a third party's mark. Jack Russell Terrier involved a false advertising action, not a false association action, and the Ninth Circuit found that the plaintiff lacked standing because it lacked the requisite competitive injury. 407 F.3d at 1037. In Waits, the Ninth Circuit found that musician Tom Waits had standing to bring a Section 43(a)(1) claim against Frito-Lay for producing a radio advertisement that featured the likeness of Waits' singing voice. 978 F.2d at 1108-10. Waits' action was premised on the exploitation of his own mark -- his distinctive "raspy, gravelly singing voice" -- not the mark of a third party. Id. at 1097, 1108-10. KLY does not cite to a single case, in the Ninth Circuit or elsewhere, in which a court permitted a Section 43(a)(1) claim premised on the infringement of a third-party mark.

While Sybersound involved a Section 43(a)(1) claim premised on third-party copyright infringement rather than third-party trademark infringement, 517 F.3d at 1141, the Court finds it to be instructive. In that case, plaintiff and defendants were competitors that produced and sold karaoke records to distributors. Id. Plaintiff claimed that defendants produced karaoke records without purchasing the necessary licenses from copyright holders. Id. This, argued plaintiff, put plaintiff at an economic disadvantage, because it could not compete on price with defendants. Id. The Ninth Circuit held that because plaintiff did not have standing to sue for the copyright infringement claim, it lacked standing to bring a Lanham Act claim predicated on the copyright infringement. Id. at 1144. It wrote: "Construing the Lanham Act to cover misrepresentations about copyright licensing status . . . would allow competitors engaged in the distribution of copyrightable materials to litigate the underlying copyright infringement when they have no standing to do so." Id.

Such is the case here. While KLY may have standing to bring a Section 43(a)(1) false association claim against Hocean, it cannot bring one solely premised on Hocean's alleged infringement of Neo's mark. If, for example, Hocean had injured KLY by selling it product that falsely indicated a particular geographic region as its origin, KLY would have standing to bring a Section 43(a)(1) false association claim. However, this claim would be wholly unrelated to the only injury KLY claims in the present action -- payment of Welcome Market's Neo litigation expenses. This alleged injury cannot be severed from the underlying trademark infringement action: to prove Hocean's conduct caused KLY's injury, KLY must

8

prove Neo's case. This requires proof that Hocean infringed Neo's mark, and would ultimately and necessarily lead to a dispute over the validity of Neo's mark, the strength of Neo's mark, and the likelihood of confusion between Hocean's product and Neo's product. KLY clearly does not have standing to bring the underlying trademark infringement action, and Section 43(a) should not provide a back door to bring such a claim.

The Court's conclusion would be the same if the law of another circuit applied. The Third, Fifth, and Eleventh Circuits use the five-factor standing test the U.S. Supreme Court established for Clayton Act antitrust actions in determining standing for Section 43(a) actions. See Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc., 165 F.3d 221, 225-27 (3rd Cir. 1998), Procter & Gamble Co. v. Amway Corp., 242 F.3d 539, 562-63 (5th Cir. 2001), Phoenix of Broward, Inc. v. McDonald's Corp., 489 F.3d 1156, 1167 (11th Cir. 2007). The first factor asks whether plaintiff's injury is "the type that Congress sought to redress in providing a private remedy for violations of the Lanham Act." Phoenix of Broward, 489 F.3d at 1167-68. A competitive injury caused by the action of a direct competitor will not necessarily satisfy this factor; the injury must be the sort of injury the Lanham Act is designed to remedy, such as loss of sales or increased promotional costs. Natural Answers, Inc. v. SmithKlineBeecham Corp., 529 F.3d 1325, 1332-33 (11th Cir. 2008). KLY's injury is not of this sort; this is not a dispute between two competitors in which one party's competitive behavior caused the other to lose sales or increase promotional costs. This is a dispute between a buyer and seller over the quality of a good; as such, it is wholly redressable

through state commercial law, and there is no need for a separate remedy under the Lanham Act.

### V. CONCLUSION

For the foregoing reasons, the Court DISMISSES Plaintiff Kam Lee Yuen Trading Co., Inc.'s cause of action under 15 U.S.C. § 1125(a)(1) against Defendant Hocean, Inc. WITH PREJUDICE. The remaining causes of action are dismissed WITHOUT PREJUDICE, as the Court declines to exercise supplemental jurisdiction over such state-law claims.

IT IS SO ORDERED.

Dated: August 9, 2010

UNITED STATES DISTRICT JUDGE